IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

THOMAS B. O'CAIN,                                    Case No.: 3:10-CV-01547-AC

            Plaintiff,                         OPINION AND ORDER

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

_____Defendant._____

ACOSTA, Magistrate Judge:

    Thomas O'Cain ("plaintiff") seeks judicial review of a final decision by the Commissioner

of Social Security ("Commissioner") denying his applications for Disability Insurance Benefits

("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security

Act.    *See* 42 U.S.C. §§ 401-403, 1381–83(f).    This Court has jurisdiction to review the

Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Based on a careful review of the record,

the Commissioner's decision is reversed and this case remanded for further proceedings consistent

with this opinion.

Page 1 - OPINION AND ORDER

### *Procedural Background*

Plaintiff filed applications for SSI and DIB on July 27, 2006, alleging disability as of February 28, 2002. Both applications were denied initially and upon reconsideration. A hearing was held on November 18, 2009 before Administrative Law Judge Riley J. Atkins (the "ALJ"), at which plaintiff appeared and amended the alleged onset date of disability to February 25, 2006. On December 17, 2009, ALJ Riley issued a decision finding plaintiff not disabled. Plaintiff timely requested review of the ALJ's decision, and the Appeals Council denied his request for review, making the ALJ's opinion the Commissioner's final decision. Subsequently, plaintiff filed for review of that decision in this Court.

### *Factual Background*

Born on October 7, 1954, plaintiff was 51 years old on the amended onset date and 55 years old on the date of the hearing. Tr. 21. Plaintiff graduated from high school and attended two years of college. Tr. 196. In addition to serving in the military, plaintiff has past relevant work as a machinist. Tr. 21, 63-64, 201.

### *Standard of Review*

The court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support

either a grant or a denial, [a court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Secretary determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At step two, the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; *see* 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141.

At step three, the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." *Id.*; *see* 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Secretary determines whether the claimant can still perform "past relevant work." *Yuckert*, 482 U.S. at 141; *see* 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Secretary. *Yuckert*, 482 U.S. at 141. At step five, the Secretary must establish that the claimant can perform

other work. *Id.* at 142; *see* 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Secretary meets

this burden and proves that the claimant is able to perform other work which exists in the national

economy, he is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

### *Discussion*

<u>I. The ALJ's Findings</u>

At step one of the five-step sequential evaluation process outlined above, the ALJ found that

plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 14, Finding

2. At step two, the ALJ found that plaintiff had the following severe impairments: Crohn's disease.

Tr. 14, Finding 3. At step three, the ALJ found that plaintiff's impairments, either singly or in

combination, did not meet or equal the requirements of a listed impairment. Tr. 16, Finding 4.

As such, the ALJ continued the sequential evaluation process to determine how plaintiff's

medical impairments affected his ability to work. The ALJ resolved that plaintiff had the residual

functional capacity ("RFC") to perform medium exertion work, "except that he requires access and

close proximity to a restroom facility in the workplace." Tr. 17, Finding 5.

At step four, the ALJ concluded that plaintiff was capable of performing his past relevant

work as a machinist. Tr. 21, Finding 6. The ALJ also entered an alternative finding at step five; the

ALJ found that considering his age, education, work experience, and RFC, there are jobs that exist

in significant numbers in the national economy that plaintiff could perform and, as such, he was not

disabled. Tr. 22.

<u>II. Plaintiff's Allegations of Error</u>

Plaintiff argues that the ALJ erred by: 1) failing to include all of his limitations into the RFC

assessment; and 2) posing incomplete hypothetical questions to the vocational expert ("VE") at the

hearing. Pl.'s Opening Br. 2.

The Commissioner concedes that the ALJ committed a number of errors warranting reversal. Def.'s Resp. Br. 7. First, the Commissioner acknowledges that the ALJ erred by failing to evaluate plaintiff's impairments of knee pain, depression, and cannabis dependence at step two. *Id.* Second, the Commissioner admits that the ALJ erred by improperly evaluating the lay testimony. *Id.* As a result, the Commissioner concurs with plaintiff that the ALJ's RFC assessment failed to incorporate all of his limitations, which rendered the VE's testimony invalid. *Id.* Accordingly, the sole issue on review is whether this case should be remanded for further proceedings or for the payment of benefits.

The decision "whether to remand the case for additional evidence or simply to award benefits is within the discretion of the court." *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir.1985); *see also Harman v. Apfel*, 211 F.3d 1172, 1176-78 (9th Cir.), *cert. denied*, 531 U.S. 1038 (2000). Generally, remand for the payment of benefits is proper "when no useful purpose would be served by further administrative proceedings . . . or when the record has been fully developed and there is not sufficient evidence to support the ALJ's conclusion." *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989) (citations omitted); *see also Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). However, remand for further proceedings is appropriate where outstanding issues remain unresolved. *Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003).

Here, plaintiff argues that remand for the payment of benefits is appropriate. In his applications for DIB and SSI, plaintiff alleges that he is primarily disabled by Crohn's disease, which required surgery to remove substantial portions of his large intestine or colon, resulting in a

permanent ileostomy.[1] Tr. 188. In addition to causing routine physical interference with any task, plaintiff asserts that his ileostomy bag must be emptied approximately five times per day. Tr. 608. Further, plaintiff testified that bending or pressure can cause the ileostomy bag to break or detach, releasing its contends. Tr. 42, 44, 60. As such, plaintiff contends if his ileostomy bag broke or detached while he was at work, a two-hour absence would result, as he would be required to leave in order to shower and change clothes. Pl.'s Reply Br. 3.

> At the hearing, plaintiff's attorney posed the following question to the VE:

> If our hypothetical individual has an ileostomy, and sometimes it comes loose and he has to take unscheduled breaks to deal with this. And let's say he's taking . . . four or five unscheduled breaks per week in addition to his regular breaks. And these breaks are going to be probably at least fifteen minutes long in order to allow him to clean up. How is that going to affect his ability to sustain competitive employment?

Tr. 69-70. The VE responded that competitive employment would be precluded by such a limitation. *Id.* at 70. Plaintiff argues that, based on the VE's testimony, remand for the payment of benefits is suitable because sustained employment is foreclosed by his need to frequently empty or clean up around his ileostomy bag.

Conversely, the Commissioner asserts that remand for further proceedings is required. Specifically, the Commissioner contends that plaintiff failed to introduce "[medical] evidence [of] a limitation of needing to take four or five unscheduled breaks per week in addition to his regular breaks that would need to last at least 15 minutes long." Def.'s Resp. Br. 9. Accordingly, the Commissioner argues that the VE's testimony "in response to [plaintiff's attorney's hypothetical question] does not qualify as substantial evidence that is necessary to even support a finding of

---

[1] An ileostomy is a surgical opening constructed by bringing the end or loop of the small intestine out onto the surface of the skin on the stomach. Intestinal waste passes out of the ileostomy and is collected in an bag that must be regularly emptied and changed.

Page 6 - OPINION AND ORDER

disability in this case." *Id.*

In order to be dispositive on the issue of disability, hypothetical questions posed to the VE must only include limitations that are supported by substantial evidence. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-64 (9th Cir. 2001). In this case, there is very little evidence regarding the frequency with which plaintiff's ileostomy bag must be emptied. In fact, plaintiff did not testify at the hearing regarding the number of times per day that he needed to void his ileostomy bag. Tr. 42-62. Rather, when the ALJ asked how much work he had to miss on average as a result of his ileostomy, plaintiff merely responded "enough to get reprimanded." Tr. 44.

Beyond this testimony, the record contains only a singular reference to this limitation; on April 28, 2007, plaintiff reported to Dr. Nguyen that he "[e]mpties [his] ileostomy bag about 5 times a day." Tr. 607-08. In other words, the only evidence relating to this impairment is plaintiff's subjective reports. However, the ALJ determined that plaintiff was not fully credible and plaintiff does not now challenge that finding. Tr. 19.

As such, the Commissioner is correct that, because plaintiff's alleged limitation of an additional four to five unscheduled breaks per week is not supported by the record, the VE's testimony does not constitute substantial evidence. Nevertheless, because there is objective medical evidence relating to plaintiff's permanent need for an ileostomy bag, an outstanding issue remains in this case; namely, testimony from a medical expert ("ME") is necessary to determine the number of times per day an ileostomy bag must be emptied and the length of time required to do so.

Therefore, this case is remanded for further proceedings in order to reevaluate whether plaintiff's alleged knee pain, depression, and cannabis dependence are severe impairments at step two, as well as to reformulate the RFC assessment. In doing so, the ALJ must consider and address

Page 7 - OPINION AND ORDER

the lay testimony of plaintiff's ex-wife, Susan Allen.  In addition, upon remand, the ALJ must obtain

ME testimony regarding temporal and functional limitations associated with an ileostomy bag.

Finally, if necessary, the ALJ must obtain additional VE testimony in light of the ME's testimony

and plaintiff's new RFC determination.

### Conclusion

For the reasons stated above, the Commissioner's decision is REVERSED and REMANDED

for further proceedings consistent with this opinion.  The Commissioner must adduce additional

evidence regarding plaintiff's ileostomy from an ME and reevaluate steps two through five of his

decision.  The Clerk is directed to grant judgment for plaintiff pursuant to sentence four of 42 U.S.C.

§ 405(g).

IT IS SO ORDERED,

DATED this _10th_ day of May 2012.

_____

JOHN V. ACOSTA
United States Magistrate Judge