UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

THOMAS O'CAIN,                                              Case No.: 3:10-CV-01547-AC
                                                            OPINION AND ORDER
                    Plaintiff,

          v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

                    Defendant.
_____

Judge ACOSTA, Magistrate Judge:

*Introduction*

        Before the court is Thomas B. O'Cain's ("O'Cain") Unopposed Motion for Attorney Fees

Under 42 U.S.C. § 406(B), which permits a court to award attorney fees to the attorney of a

successful Social Security claimant, so long as such award is "a reasonable fee for such

representation" and "not in excess of 25 percent of the total of the past-due benefits to which the

claimant is entitled . . . ." 42 U.S.C. § 406(b)(1)(A). Although O'Cain is the claimant in this case,

OPINION AND ORDER                                                              [RMD]

the real party in interest to this motion is his attorney James Coon ("Coon").  The Commissioner of Social Security ("Commissioner") does not oppose the motion, but merely acts in a manner similar to "a trustee for the claimant[]."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).  Having reviewed the proceedings below and the amount of fees sought, the court concludes a reasonable award fee in this case is $6,744.85

*Procedural Background*

O'Cain filed applications for Supplemental Security Income and Disability Insurance Benefits on July 27, 2006.  Both applications were denied initially and upon reconsideration.  O'Cain filed a request for, and received, a hearing before Administrative Law Judge Riley J. Atkins (the "ALJ"), who issued a decision on December 17, 2009, finding O'Cain not disabled.  The Appeals Counsel denied O'Cain's timely request for review, making the ALJ's opinion the Commissioner's final decision.  O'Cain filed a complaint for review of the Commissioner's final decision.

In his complaint, the O'Cain alleged that the ALJ erred by "1) failing to include all of his limitations into the RFC assessment; and 2) posing incomplete hypothetical questions to the vocational expert ("VE") at the hearing."  *O'Cain v. Astrue*, No. 3:10-CV-01547-AC, 2012 WL 1664771, at *3 (D. Or. May 10, 2012).  The Commissioner conceded that the ALJ erred and that reversal was appropriate, but the parties disagreed on whether the court should remand for an award of benefits or remand for further administrative proceedings.  On May 10, 2012, this court issued an Opinion and Order reversing the Commissioner's decision and remanding the case for further proceedings.  The court concluded there was not enough evidence on the record to establish O'Cain's right to an award of benefits and instructed the ALJ on remand to conduct a hearing and

2

obtain new testimony from O'Cain's medical expert and, if necessary, the Commissioner's vocational expert.

*Discussion*

After entering a judgment in favor of a Social Security claimant represented by counsel, the court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of twenty-five percent of the total of the past-due benefits to which the clamant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). A "twenty-five percent contingent-fee award is not automatic or even presumed; 'the statute does not create any presumption in favor of the agreed upon amount.'" *Dunnigan v. Astrue,* No. CV 07-1645-AC, 2009 WL 6067058, at *7 (D. Or. Dec. 23, 2009), *adopted* 2010 WL 1029809 (March 17, 2010) (quoting *Gisbrecht,* 535 U.S. at 807 n.17). A section 406(b) fee award is paid from the claimant's retroactive benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Dunnigan,* 2009 WL 6067058, at *7. Accordingly, when a court approves both an EAJA fee and a section 406(b) fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Gisbrecht,* 535 U.S. at 796.

I.  Fee Agreement

Under the Supreme Court's decision in *Gisbrecht*, the court first examines the contingent fee agreement to determine whether it is within the statutory twenty-five percent cap. O'Cain and Cook executed a contingent-fee agreement, providing that if it became necessary to appeal O'Cain's case to federal court and Coon obtained payment, O'Cain would pay Coon either twenty-five percent of O'Cain's past-due benefits or whatever amount Coon was able to obtain under the EAJA, whichever was greater. In the motion for attorney fees Coon requests the court award $10,000.00, which is

OPINION AND ORDER                                                                                    [RMD]

twelve percent of O'Cain's past-due benefits award. In addition, Coon received a $1,622.84 attorney fee award under the EAJA, which will offset part of the $10,000.00 award if the court rules in his favor. Thus, at issue is a total award of $8,377.16.

Counsel bears the burden to establish the reasonableness of the requested fee. *Gisbrecht,* 535 U.S. at 807. While the court must acknowledge the "primacy of lawful attorney-client fee agreements," contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. *Id.* at 793, 807. The court must ensure a disabled claimant is protected from surrendering retroactive disability benefits in a disproportionate payment to counsel. *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (*en banc*) (citing *Gisbrecht,* 535 U.S. at 808). The four factors to be considered when evaluating the requested fee's reasonableness have been identified by the Ninth Circuit as derived from the Court's analysis in *Gisbrecht*:

1.   the character of the representation, specifically, whether the representation was substandard;
2.   the results the representative achieved;
3.   any delay attributable to the attorney seeking the fee; and
4.   whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter that the attorney would receive an unwarranted windfall.

*Crawford*, 586 F.3d at 1151-53 (citations omitted). In *Crawford*, the Ninth Circuit also identified the risk inherent in contingency representation as an appropriate factor to consider in determining a section 406(b) award. However, the court reiterated it is not the risk of taking contingency cases generally, but a more narrow risk inquiry, stating that "the district court should look at the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case." 586 F.3d at 1153.

4

OPINION AND ORDER                                                                                      [RMD]

### A.  The Character of Representation

Substandard performance by a legal representative may warrant a reduction in a section 406(b) fee award.  *Crawford,* 586 F.3d at 1151.  The record in this case provides no basis for a reduction in the requested section 406(b) fee based solely on the character of Coon's representation.

### B.  Results Achieved

The court ordered a remand, but for additional administrative proceedings instead of for an award of benefits as Coon had argued.  The Commissioner did not oppose remand but argued that additional proceedings, not a benefits award, was appropriate.  Thus, Coon did not achieve success on the sole contested point whether remand should be for an award of benefits or further proceedings.  Accordingly, some reduction in the fee is appropriate.

### C.  Undue Delays

A court may reduce a section 406(b) award for delays in proceedings attributable to claimant's counsel. *Crawford,* 586 F.3d at 1151.  Plaintiff's opening brief was originally due in this case on July 8, 2011.  Due to a busy calendar, Coon moved for five extensions of that deadline, all of which the court granted.  Coon filed O'Cain's opening brief on December 13, 2011.  The extensions effectively delayed O'Cain's case for five months and increased his past-due benefits by roughly $5,520.00.[1]

However, Coon requests only a twelve percent fee award and there is no evidence Coon intentionally prolonged the case to enhance his fee award.  The effect of these extensions is de

---

[1] O'Cain's "Notice of Award" explains that, after deductions and rounding, he "will receive $1,104.00 on or about the second Wednesday of each month."  (Mem. in Supp., Ex. A at 1.)  Five months of extended retroactive benefits yield an increase of $5,520.00 to O'Cain's retroactive award.

OPINION AND ORDER                                                                                    [RMD]

minimis because the five-month delay occurred in a case that took six years to resolve.  Therefore, the court will not reduce Coon's fee award because of undue delay.

### D.  Proportionality

Finally, a district court may reduce a section 406(b) award if "benefits . . . are not in proportion to the time spent on the case."  *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808).  The Supreme Court explained "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order."  *Gisbrecht*, 535 U.S. at 808.

Coon requests $10,000.00 for a total of 13.5 hours of work associated with litigating this case before the district court, 11.5 of which were completed by a paralegal.  A review of the record reveals that this case was relatively simple.  The Commissioner conceded that the ALJ made reversible errors and remand was appropriate.  The only issue contested by the Commissioner was whether the court should remand for an award of benefits or remand for additional administrative proceedings.  On remand, Coon's firm successfully argued on O'Cain's behalf and obtained an award of benefits.

Coon now argues that such a fee is reasonable, given that, as of 2012, the average hourly rate charged by Portland attorneys with more than 30 years experience was $308.00.  Multiplying that average rate by a "contingency multiplier of 3.78," which according to Coon, accounts for the average statistical risk involved in representing a social security claimant, yields an hourly rate of $1164.24.[2]  Because his request equates to only $740.74 per hour, Coon argues an award of

---

[2] As the court discusses *infra*, this is the incorrect legal standard.  Under *Gisbrecht* and *Crawford*, the court may enhance a fee award based on "the specific facts that make a given case more or less risky for the firm."  586 F.3d at 1152.

OPINION AND ORDER                                                                                    [RMD]

$10,000.00 is reasonable even though Coon's paralegal completed all but two hours of work on this case.

The primary question the court must address is whether Coon's requested award is proportional given that almost all of the work on this case was completed by a paralegal. Although discussing reasonable compensation for paralegal work in the context of the Civil Rights Attorney's Fees Awards Act ("CRAFA") and the Equal Access to Justice Act ("EAJA"), the Supreme Court's decisions in *Missouri v. Jenkins by Agyei*, 491 U.S. 274 (1989), and *Richlin Sec. Service Co. v. Chertoff*, 553 U.S. 571 (2008), are instructive. In *Jenkins*, the Supreme Court held that under the CRAFA, which allows prevailing parties to recover "a reasonable attorney's fee" in successful civil rights lawsuits, a law firm may recover at the prevailing market rate for paralegal work rather than the law firm's cost. 491 U.S. at 287-88. The Court reasoned,

> "[A] reasonable attorney's fee" cannot have been meant to compensate only work performed personally by members of the bar. Rather, the term must refer to a reasonable fee for the work product of an attorney. Thus, the fee must take into account the work not only of attorneys, but also of secretaries, messengers, librarians, janitors, and others whose labor contributes to the work product for which an attorney bills her client; and it must also take account of other expenses and profit.

*Id*. at 285. Therefore, the Court affirmed the district court's award of $40.00 per hour for separately-billed paralegal work. *Id*. at 289.

In *Richlin*, the Supreme Court extended the reasoning developed in *Jenkins* to attorney fee awards under the EAJA. 553 U.S. at 580-81. The Court again rejected the argument that fees should be awarded based on the law firm's cost and reasoned that "[s]ince [the EAJA] generally provides for attorney's fees at 'prevailing market rates,' it follows that fees for paralegal services must be recoverable at prevailing market rates as well." *Id*. at 581. Quoting *Jenkins*, the Court

OPINION AND ORDER                                                                [RMD]

observed, "[n]othing in the EAJA requires that the work of paralegals invariably be billed separately. If it is the practice in the relevant market not to do so, or to bill the work of paralegals only at cost, that is all that EAJA requires." *Id*. at 584-85 (internal brackets and quotation marks omitted).

Prior to *Jenkins*, courts in some districts refused to count paralegal work when analyzing the proportionality of a § 406(b) award. *Roark v. Barnhart*, 221 F. Supp. 2d 1020, 1026 (W. D. Mo. 2002). More recently, however, a court in this district addressed proper compensation for paralegal work under a contingency fee agreement. *Atwood v. Comm'r of Soc. Sec.*, 09-cv-6207-HA, 2011 WL 6372790, at *1 (D. Or. Dec. 19, 2011). There, as here, the attorney for a successful social security claimant sought to recover as fees a portion of the claimant's retroactive benefits. *Id*. The attorney sought $35,651.22, or twenty-two percent of the claimant's retroactive benefits award, and the commissioner did not object. Because the attorney's paralegal billed 13.7 of the 38.45 hours spent working on the case, the court refused to award the benefit. Although the court recognized that focus on the appropriate paralegal fee "creates the risk that this court will over rely on a lodestar approach," it reasoned that:

> In computing her hourly fee request, plaintiff draws no distinction between the hours she spent on the case and those spent by her paralegal, and her request is for $927.20 per hour for the combined 38.45 hours spent litigating the case. This court can find no support for what appears to be counsel's contention that paralegal time and attorney time should be considered on equal footing when considering the reasonableness of a fee request.

*Id*. at *2. The court ultimately concluded that the fee was disproportional and created an unreasonable windfall because "the case was not particularly complex or time consuming and . . . the retroactive benefits recovered were quite large." *Id*. at *3. Instead, the court awarded the claimant's attorney $27,548.67, or seventeen percent, of the claimant's retroactive benefits award. *Id*.

OPINION AND ORDER                                                                                    [RMD]

The court is persuaded, based on *Jenknis, Richlin*, and *Atwood*, that paralegal work should be considered in the court's proportionality analysis, but in determining the reasonableness and proportionality of a § 406(b) award, the court must take into account the difference between the prevailing market rate for hours worked by a paralegal and an attorney. Given this consideration, the court concludes that an award of $10,000 is disproportional and should be reduced. First, this case was not complex or time consuming. Coon himself spent only two hours litigating the case, but his paralegal spent 11.5 hours. Second, O'Cain's retroactive benefits award is large in comparison to the hours Coon and his paralegal spent on the appeal. Third, while O'Cain was ultimately awarded benefits on rehearing, Coon was unable to persuade the court on appeal to remand for an award of benefits, the only point at issue before the court.[3] Given that the Commissioner conceded all points except whether a remand for an award of benefits or further proceedings was proper, Coon was not completely successful. Considering these factors, an attorney award of $10,000.00 would constitute a windfall.

Coon urges the court to accept the full request because of the inherent risk involved in adjudicating a social security administrative appeal. To that end, Coon suggests the court apply a contingency multiplier to what would otherwise be an average hourly rate. However, Coon misreads *Gisbrecht's* and *Crawford's* directives with respect to risk-based award enhancements. Instead of enhancing social security attorney fee awards automatically, based on the average risk involved in taking on social security benefits appeals, *Crawford* instructs courts to consider "the specific facts that make a given case more or less risky for the firm." 586 F.3d at 1152. The burden is on the

---

[3] Coon's firm has already been authorized a separate $6,000.00 fee for its work on the case at the administrative level, so the court's award here would compensate Coon only for his firm's work on the administrative appeal before the district court. (Mem. in Supp. at 1 n. 1).

OPINION AND ORDER                                                                                      [RMD]

attorney to "show that the fee is reasonable based on the facts of the particular case." Coon did not argue or present facts which demonstrate that O'Cain's case was inherently risky for his firm to adjudicate.

Fixing a reasonable rate is subjective to a large extent, and there is no Ninth Circuit case addressing the issue of reasonable paralegal compensation in the context of a section 406(b) award. However, a court in this district recently addressed the issue in a nearly identical factual context. In *Quinnin v. Colvin*, No. 1:12-cv-01133-SI, 2013 WL 5786988, at *1-*4 (D. Or. Oct. 28, 2013), the attorney for a successful Social Security claimant sought a $14,500 attorney fee award under § 406(b) for 14.7 hours spent litigating the case, 13.2 of which were billed by a paralegal. *Id.* at *3. There, as here, the only contested issue was whether the court should remand for benefits or further administrative proceeding. *Id.* at *4. The court remanded for an award of approximately $67,000 in retroactive benefits. *Id*. at *2. Because the case was simple, the time spent by the attorney's firm was below-average, and only eight percent of the work during the administrative appeal was completed by the attorney, the court refused to award the full $14,500. *Id.* at *3. Instead, the court reduced the award to $10,050, or fifteen percent of the claimant's retroactive benefits, yielding a "*de facto* hourly rate for attorney time of $1,240 and paralegal time of $620." *Id*. at *4.

Although Coon's request in this case is similar to the reduced award in *Quinnin*, a $10,000 award is not reasonable here. Although the facts of *Quinnin* are almost identical to those now before the court, differences remain which compel the court to reduce the award Coon seeks. Unlike *Quinnin*, where the attorney successfully argued for an award of benefits, the court in this case ruled on that issue for the Commissioner and remanded for further administrative proceedings. Second, Coon's firm billed 2.2 fewer hours on this case than the firm in *Quinnin*. A lower award than that

OPINION AND ORDER                                                                                                    [RMD]

in *Quinnin* is warranted where the attorney billed fewer hours for a less favorable result.  Thus, the

court will award Coon $8,367.69, or ten percent of O'Cain's retroactive benefits, which, when

reduced by Coon's $1,622.84 EAJA fee, yields a net fee of $6,744.85.

*Conclusion*

For the aforementioned reasons, Plaintiff's motion for attorney fees pursuant to 42 U.S.C.

§ 406(b) (Dkt. No. 44) is GRANTED in part and DENIED in part and a § 406(b) fee of $6,744.85

shall be awarded to Mr. Coon.

IT IS SO ORDERED

Dated this 18th day of February, 2014

<u>     /s John V. Acosta     </u>
JOHN V. ACOSTA
United States Magistrate Judge

OPINION AND ORDER                                                        [RMD]